UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TERRANCE J. SHAW,<br><br>                Plaintiff,<br>v.<br><br>PAUL S. KEMPER, JASON WELLS, JACK F. CHIOVATERO, RANDY MILLER, LEAH M. ZENI, DEPUTY WARDEN JOHNSON, SECURITY DIRECTOR O'NEIL, and KEVIN CARR,<br><br>                Defendants. | Case No. 21-CV-163-JPS<br><br>**ORDER** |

      Plaintiff Terrance J. Shaw, a former inmate confined at Racine Correctional Institution ("RCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments, the Americans with Disabilities Act (the "ADA"), and the Rehabilitation Act (the "RA"). (Docket #1). Plaintiff paid the full filing fee with his complaint. Later, Plaintiff filed an amended complaint, (Docket #5), which is nearly identical to the original complaint. Paragraph five in the amended complaint lists the Defendant as Kevin Carr instead of Michelle Bones, and Plaintiff filed the amended complaint with thirty-five pages of exhibits (unlike the original complaint, which Plaintiff filed without any exhibits). (Docket #1, #5, #5-1). The Court will screen the amended complaint and attached exhibits.

1. **SCREENING THE AMENDED COMPLAINT**

   1.1 **Federal Screening Standard**

   Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

   In determining whether a complaint states a claim, a court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

   To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone acting under color of state law deprived him of a right secured by the Constitution or the laws of the United States. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than

pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

Plaintiff alleges that the main sidewalk at RCI has so many cracks and potholes that it violates the ADA and the RA. (Docket #5 at 2–7). Specifically, Plaintiff alleges that when he is pushed in his wheelchair over the main sidewalk, the cracks and potholes jostle him and cause him pain. (*Id.* at 2). Additionally, on June 18, 2018, his wheelchair hit a pothole, and Plaintiff fell from his wheelchair onto the ground and suffered injuries (e.g., pain in his extremities and a skinned elbow). (*Id.* at 2–3). Plaintiff has complained to RCI about the cracks and potholes, and RCI has acknowledged that they exist and that RCI is continually repairing them. (*Id.* at 3–6).

### 1.3 Analysis

Although Plaintiff claims that Defendants violated his First, Fifth, Eighth, and Fourteenth Amendment rights, he has not pleaded facts that sufficiently state a claim under any of those constitutional amendments. Instead, Plaintiff's focus throughout his complaint is on the alleged violation of his rights under the ADA and the RA. Therefore, the Court will only address Plaintiff's ADA and RA claims.

Title II of the ADA "prohibits a 'public entity' from discriminating against a 'qualified individual with a disability' on account of that disability," and it applies to state prisons. *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 206 (1998) (quoting 42 U.S.C. § 12132). To establish an ADA claim, "the plaintiff must prove that he is a 'qualified individual with a disability,' that he was denied 'the benefits of the services, programs, or activities of a public entity' or otherwise subjected to discrimination by such an entity,

and that the denial or discrimination was 'by reason of' his disability." *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996) (quoting 42 U.S.C. § 12132). The analysis under the RA, 29 U.S.C. § 794, is essentially the same, except that the RA includes an additional element that requires that the entity denying access receive federal funds. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671–72 (7th Cir. 2012); *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (noting that the ADA and the RA standards are "functionally identical").

To state a claim under the RA, a plaintiff must allege that "(1) he is a qualified person (2) with a disability and (3) the Department of Corrections ('DOC') denied him access to a program or activity because of his disability." *Jaros*, 684 F.3d at 671–72 (citations omitted). The Seventh Circuit has recognized that disability discrimination under the RA can be established in three different ways: "(1) the defendant intentionally acted on the basis of the disability, (2) the defendant refused to provide a reasonable modification, or (3) the defendant's rule disproportionally impacts disabled people." *A.H. by Holzmueller v. Illinois High Sch. Ass'n*, 881 F.3d 587, 592–93 (7th Cir. 2018) (quoting *Washington v. Ind. High Sch. Athletic Ass'n, Inc.*, 181 F.3d 840, 847 (7th Cir. 1999)).

At the screening stage, the Court will assume that Plaintiff is a qualified person and that he has a disability because he requires a wheelchair. However, Plaintiff has not met the third prong: that the DOC denied him access to a program or activity because of his disability. Plaintiff's allegations are of an inconvenience, not an ADA or RA violation. The ADA and the RA do not provide a remedy for inconvenience. *See Wagoner v. Lemmon*, 778 F.3d 586, 593 (7th Cir. 2015) (concluding that the

inconvenience of transport in a noncompliant van does not amount to denial of services).

Plaintiff alleges no discrimination based on any alleged disability. Moreover, he is not complaining that he has been excluded from or denied access to any prison service, program, or activity. Rather, Plaintiff complains that there are cracks and potholes in the main sidewalk and that moving over them causes him pain and once caused him to fall out of his wheelchair. While this is uncomfortable for Plaintiff, the sidewalk is accessible for him to use, and he is not denied access to any service, program, or activity due to his inability to use the sidewalk. *See cf. Culvahouse v. City of LaPorte*, 679 F. Supp. 2d 931, 942, n. 3 (N.D. Ind. 2009) (holding that a city's sidewalk system, when viewed in its entirety, is not readily accessible to and usable by individuals with disabilities because random portions the sidewalks are made of concrete, paving stone, bricks, asphalt, and/or wood, and some areas have no sidewalks at all). Therefore, because Plaintiff was not denied access to a service, program, or activity under the ADA or the RA, he has failed to state a claim for a violation of either.

2.   **CONCLUSION**

In sum, Plaintiff has failed to state an ADA or RA claim or a claim under the First, Fifth, Eighth, and Fourteenth Amendment. Thus, the Court will dismiss Plaintiff's case with prejudice for failure to state a claim.

Accordingly,

**IT IS ORDERED** that Plaintiff's amended complaint (Docket #5) shall be the operative pleading in this action;

**IT IS FURTHER ORDERED** that this case be and same is hereby **DISMISSED with prejudice** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim; and

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of November, 2021.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge